UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LONNIE C. WILLIAMS,

                Petitioner,

vs.                                  Case No. 3:14-cv-64-J-39PDB

SECRETARY, DOC, et al.,

                Respondents.

_____

**ORDER**

**I.   STATUS**

      Petitioner Lonnie C. Williams, an inmate of the Florida penal system, challenges a 2009 (Duval County) conviction for two counts of sale or delivery of cocaine.  He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  He is proceeding on an Amended Petition (Doc. 37).  He raises three grounds in the Amended Petition.  The Court previously determined that it will not consider ground two of the Amended Petition.  <u>See</u> Order (Doc. 36 ¶ 1).  In light of its previous ruling, the Court will address the remaining two grounds, <u>see</u> <u>Long v. United States</u>, 626 F.3d 1167, 1169 (11th Cir. 2010) ("The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.") (citing <u>Clisby v. Jones</u>,  960 F.2d 925, 936 (11th Cir. 1992) and <u>Rhode v. United States</u>, 583 F.3d 1289, 1291 (11th Cir. 2009)), but no evidentiary proceedings are required in this Court.

Respondents filed a Response to Amended Petition for Habeas Corpus (Response) (Doc. 40).  In support of their Response, they refer to an Appendix (Doc. 40).[1]  Petitioner filed a Reply to the State's Answer to Petitioner's 2254 Petition for Writ of Habeas Corpus (Reply) (Doc. 42) and a Supplemental Reply to State's Answer (Doc. 44).  <u>See</u> Order (Doc. 5).  Respondents provide a comprehensive rendition of the procedural history of the case, and it will not be repeated here.  Response at 1-7.

## II.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of the Amended Petition; therefore, this Court's review is highly deferential and certainly greatly circumscribed.  <u>Hill v. Humphrey</u>, 662 F.3d 1335, 1343 (11th Cir. 2011), <u>cert.</u> <u>denied</u>, 132 S.Ct. 2727 (2012).  <u>See</u> <u>generally</u> 28 U.S.C. § 2254.  Since AEDPA governs the petition and limits the scope of this Court's review, the state-court decisions must be given the benefit of the doubt:

> Under AEDPA, when a state court has adjudicated the petitioner's claim on the merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[1] The Court hereinafter refers to the exhibits in the Appendix as "Ex."  The page number on the particular document will be referenced.  Also, the Court will reference the page numbers assigned by the electronic docketing system where applicable.

United States," 28 U.S.C. § 2254(d)(1), or
"was based on an unreasonable determination of
the facts in light of the evidence presented
in the State court proceeding," <u>id</u>. §
2254(d)(2). A state court's factual findings
are presumed correct unless rebutted by clear
and convincing evidence.[2] <u>Id</u>. § 2254(e)(1);
<u>Ferrell v. Hall</u>, 640 F.3d 1199, 1223 (11th
Cir. 2011). . . .

"It bears repeating that even a strong case
for relief does not mean the state court's
contrary conclusion was unreasonable."
[<u>Harrington v. Richter</u>, 562 U.S. 86, 102
(2011)] (citing <u>Lockyer v. Andrade</u>, 538 U.S.
63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144
(2003)). The Supreme Court has repeatedly
instructed lower federal courts that an
unreasonable application of law requires more
than mere error or even clear error. <u>See</u>,
<u>e.g.</u>, <u>Mitchell v. Esparza</u>, 540 U.S. 12, 18,
124 S.Ct. 7, 157 L.Ed.2d 263 (2003); <u>Lockyer</u>,
538 U.S. at 75, 123 S.Ct. 1166 ("The gloss of
clear error fails to give proper deference to
state courts by conflating error (even clear
error) with unreasonableness."); <u>Williams v.
Taylor</u>, 529 U.S. 362, 410, 120 S.Ct. 1495, 146
L.Ed.2d 389 (2000) ("[A]n unreasonable
application of federal law is different from
an incorrect application of federal law.").

<u>Bishop v. Warden, GDCP</u>, 726 F.3d 1243, 1253-54 (11th Cir. 2013),

<u>cert</u>. <u>denied</u>, 135 S.Ct. 67 (2014).

The first step in applying AEDPA deference is to identify the

last state court decision that evaluated the claim on its merits.

<u>Marshall v. Sec'y, Fla. Dep't of Corr.</u>, 828 F.3d 1277, 1285 (11th

---

[2] "This presumption of correctness applies equally to factual
determinations made by the state trial and appellate courts." <u>Pope
v. Sec'y for the Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir.
2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)),
<u>cert</u>. <u>denied</u>, 133 S.Ct. 1625 (2013).

- 3 -

Cir. 2016).[3]  Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 562 U.S. 86, 99 (2011).  If there is reason to believe some other explanation for the state court's decision is more likely, the presumption, in limited circumstances, may be rebutted.  Richter, 562 U.S. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)); see also Johnson v. Williams, 133 S.Ct. 1088, 1096 (2013) (finding the Richter presumption strong, but not irrebuttable).

If the last state court's merit-based decision is unaccompanied by an explanation, the petitioner must show there was no reasonable basis for the state court to deny relief.  Richter, 562 U.S. at 98.  This is not an easy task; "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  Id. at 102.  Applying AEDPA deference, it is this Court's duty to "determine what arguments or theories supported or, as here, could have supported, the state court's decision;" and then the Court "must ask whether it is possible fairminded jurists

---

[3] As suggested in Butts v. GDCP Warden, 850 F.3d 1201, 1204 (11th Cir. 2017), in order to avoid any complications if the United States Supreme Court decides to overturn Eleventh Circuit precedent as pronounced in Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227 (11th Cir. 2016) (en banc), cert. granted, 137 S.Ct. 1203 (2017), this Court, will employ "the more state-trial-court focused approach in applying § 2254(d)[,]" where applicable.

could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." <u>Richter</u>, 562 U.S. at 102.

The § 2254(d) standard is difficult to meet, serving as a guard against extreme malfunctions in the state criminal process, but not as a means of error correction that are adequately addressed through the state appellate review process.  This high hurdle to obtain issuance of the writ is overcome if a state prisoner shows that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." <u>Richter</u>, 562 U.S. at 103.  <u>See</u> <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017) (recognizing the foundational principle of the federal system that state courts are considered adequate forums to seek vindication of federal rights, thus limiting federal habeas relief to extreme malfunctions in the state system) (quotations and citations omitted).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims he received the ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.  In order to prevail on this Sixth Amendment claim, he must satisfy the two-pronged test set forth in <u>Strickland v.</u>

<u>Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

With respect to an ineffective assistance challenge to the voluntariness of a guilty or no contest plea, a petitioner must show there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).  Of note, ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension.  <u>See</u> <u>id</u>. at 56 (quoting <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

This Court recognizes that,

> in a post conviction challenge to a guilty plea:

>> [T]he representations of the defendant, his lawyer, and the prosecutor at [the plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court

- 6 -

> carry a strong presumption of
> verity. The subsequent presentation
> of conclusory allegations
> unsupported by specifics is subject
> to summary dismissal, as are
> contentions that in the face of the
> record are wholly incredible.
>
> Blackledge v. Allison, 431 U.S. 63, 73-74, 97
> S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)
> (citations omitted); see also United States v.
> Gonzalez-Mercado, 808 F.2d 796, 799-800 and n.
> 8 (11th Cir. 1987) (while not insurmountable,
> there is a strong presumption that statements
> made during a plea colloquy are true, citing
> Blackledge and other cases).

Bryant v. McNeil, No. 4:09CV22-SPM/WCS, 2011 WL 2446370, at *2

(N.D. Fla. May 17, 2011) (Report and Recommendation), report and

recommendation adopted by Bryant v. McNeil, No. 4:09CV22-SPM/WCS,

2011 WL 2434087 (N.D. Fla. June 16, 2011).

### IV. THE PLEA

To provide historical context to Petitioner's remaining two

grounds for habeas relief, the Court provides a brief summary of

the plea proceeding and references the relevant proceedings that

followed. Petitioner was charged by information with two counts of

sale or delivery of cocaine. Ex. A. The state filed a Notice of

Intent to Classify Defendant as an Habitual Felony Offender. Ex.

B. Petitioner faced a maximum sentence of thirty years as an

habitual offender. Ex. C. The week of trial, he tendered an open

plea of guilty to the court.[4] Ex. D at 3-4. The state announced

---

[4] The Plea of Guilty form is signed by the Petitioner, his
counsel, and the judge. Ex. C. It is dated August 17, 2009. Id.

that it was prepared to prove that Petitioner "did sell or deliver a controlled substance named or described in section 893.13(1)(A)1, the controlled substance being cocaine." Id. at 4. He faced a minimum sentence of forty months up to fifteen years, and with a finding of habitual offender status, he faced thirty years in prison. Id. at 3. The state announced that it was seeking the habitual offender classification. Id.

This Court first looks to the plea colloquy of August 17, 2009. After being sworn in, Petitioner confirmed that his counsel was prepared for trial and they had discussed all possible defenses. Id. at 4. Petitioner acknowledged that his case had been thoroughly investigated. Id. He expressed his belief that the plea was in his best interest. Id. at 5. He stated that no one had forced him, threatened him, coerced him, or promised him anything, "other than what's been said on the record," to obtain the plea. Id. Petitioner agreed that he wanted the court to decide his sentence. Id. The court explained that the sentence could be anything from forty months to thirty years, if the court determined Petitioner is an habitual offender. Id. Petitioner acknowledged this fact. Id. He agreed with the statement that no one had promised him that a particular sentence would be imposed by the court. Id. Petitioner said he was not under the influence of anything that would affect his ability to understand the proceeding. Id. at 4-5.

During the course of the plea colloquy, Petitioner said he went over the plea form and understood what he read, he could read and write the English language, he went to the twelfth grade in school, and he signed the form. _Id_. at 6. The court informed Petitioner he was giving up certain rights by entered the plea, and Petitioner acknowledged this fact. _Id_. The court continued: "If you had wanted to file any motions to dismiss, or motions to suppress, or if you wanted to do anything at trial to keep testimony out, once you enter this plea, all that goes out the window[.]" _Id_. at 7.

The court further explained the consequences of entering the plea: "Mr. Williams, do you realize that after the sentencing hearing, if I impose a sentence that you don't like, it's more than you thought you should have gotten, that is not a legal basis to set aside your plea, do you realize that?" _Id_. at 7. Petitioner responded in the affirmative. _Id_.

After an extended plea colloquy, the court found a factual basis for the plea. _Id_. The court accepted the plea, finding the plea freely and voluntarily rendered. _Id_. at 4-7. At the close of the proceeding, the court reiterated that Petitioner pled straight up to the court on counts one and two. _Id_. at 8. Petitioner confirmed that he pled to both counts. _Id_.

On September 30, 2009, the court sentenced Petitioner as an habitual felony offender to concurrent, fifteen-year terms of

- 9 -

imprisonment.  Ex. E at 4-7.  The court entered judgment on both counts.  Id. at 1-2.

On October 2, 2009 (filed with the clerk on October 5, 2009), Petitioner filed a pro se Motion to Withdraw Plea.  Ex. F.  He based the motion on his lack of understanding of the proceedings and the ineffectiveness of counsel.  Id.  The circuit court construed the motion to be a Rule 3.850 motion for post conviction relief and denied it.  Ex. G.  The court relied on Strickland in rejecting Petitioner's ineffective assistance of counsel claim, and the court found that the record of the plea dialogue refuted Petitioner's allegations concerning the plea.  Id. at 1-2.  More specifically, the court noted that during the plea dialogue, Petitioner "acknowledged his reasoning for entering the plea, understood the consequences of his plea and he was satisfied with his attorney."  Id. at 2.  The court concluded that Petitioner could "not seek to go behind his sworn testimony[.]" Id.  Finally, the court found  Petitioner failed to establish error on the part of counsel or prejudice as required by Strickland.  Id.  The court notified Petitioner that he had thirty days to take an appeal by filing a notice of appeal with the clerk.  Id. at 3.  Petitioner moved for rehearing, and the court denied rehearing on November 24, 2009.  Ex. H; Ex. I. No appeal was taken of the denial of the Rule 3.850 motion.

On March 5, 2010, Petitioner filed a Petition for Writ of Mandamus in the circuit court.  Ex. J.  On March 23, 2010, the

court entered an order denying the petition, noting that the Motion to Withdraw Plea was addressed in the court's October 22, 2009 Order Denying Defendant's Motion for Post Conviction Relief.  Ex. K.  Petitioner appealed the denial of the petition for writ of mandamus.[5]  Ex. L; Ex. M.  On April 21, 2011, the First District Court of Appeal (1st DCA) affirmed per curiam.  Ex. O.  The mandate issued on May 17, 2011.  Ex. P.

On August 3, 2011, Petitioner filed a Rule 3.850 motion.  Ex. T.  He submitted an Addendum to Pending 3.850, adding the claim that counsel was ineffective for advising Petitioner to reject the state's seven-year plea offer.  Ex. U.  He included this same claim in his Third Amended Rule 3.850 motion.  Ex. V.  The circuit court denied the motions for post conviction relief as being successive and procedurally barred.  Ex. AA.  The court advised Petitioner he had thirty days to appeal.  Id.  Petitioner moved for rehearing.  Ex. BB.  The court denied rehearing.  Ex. CC.  Petitioner appealed, and on October 30, 2013, the 1st DCA affirmed per curiam.  Ex. FF.  The mandate issued November 26, 2013.  Ex. GG.

_____

[5] The Notice of Appeal states that Petitioner is appealing "the order of this [circuit] court rendered March 23, 2010."  Ex. L.  The March 23, 2010 Order is the Order Denying Defendant's Petition for Writ of Mandamus.  Ex. K.  He continues, "[t]he order appealed from is a final order of writ mandamus for the motion to withdraw plea filed October 5, 2009[.]"  Id.  Also of note, with regard to exhaustion, Petitioner references filing mandamus petitions and appeals therefrom.  Amended Petition at 5.

## V.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

Petitioner raises the following claim in ground one: "denial of right to appeal with counsel and to utilize Rule 3.170(1) motion to withdraw plea in violation of the 5th, 6th, and 14th amendments[.]" Amended Petition at 5.  He provides the following supporting facts:

> Within days of sentencing, I filed a timely Motion to Withdraw Plea pursuant to Rule 3.170(1) pointing out counsel was ineffective for advising me to plea and requested appointment of counsel.  The trial court recharacterized my motion as brought pursuant to rule 3.850 and denied it as insufficient.  Had the trial court not stripped me of my right to appeal, to file my Rule 3.170(1) Motion, and appointed counsel based on my continued indigency, I would have elected to use and exercise these rights and not used 3.850 on my own.

Id.

In response to the question as to why he did not exhaust his state remedies, Petitioner said:

> I tried to exhaust state remedies but was denied to appeal with appointed appellate and 3.170(1) counsel.  I filed Mandamus Petitions and Appeals therefrom as well as 3.850 Motions trying to get my appellate rights restored and to file a timely 3.170(1) Motion and raised other grounds I could find on my own and was denied relief through no fault of my own without so much as an evidentiary hearing.

Id.

In their Response, Respondents contend that this ground is unexhausted and procedurally defaulted.  In addressing the question

- 12 -

of exhaustion, this Court must ask whether Petitioner's claim was fairly raised in the state court proceedings:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." Kelley, 377 F.3d at 1343-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 133 S.Ct. 875 (2013).

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal

- 13 -

proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. <u>See</u>, <u>e.g.</u>, <u>Coleman</u>, <u>supra</u>, at 747–748, 111 S.Ct. 2546; <u>Sykes</u>, <u>supra</u>, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. <u>See</u>, <u>e.g.</u>, <u>Walker v. Martin</u>, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. ----, ----, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. <u>See</u> <u>Coleman</u>, 501 U.S., at 750, 111 S.Ct. 2546.

<u>Martinez v. Ryan</u>, 566 U.S. 1, 9–10 (2012).

Respondents assert that this Court is procedurally barred from reviewing ground one. Response at 17-18. The Court finds that ground one is unexhausted because Petitioner failed to fairly raise his claim in the state court system, thus the trial court never considered the merits of this claim. <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (raising a claim in a procedural context in which its merits will not be considered does not constitute fair presentation).

Procedural defaults may be excused under certain circumstances; "[a] petitioner who fails to exhaust his claim is

- 14 -

procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default or a fundamental miscarriage of justice from applying the default." <u>Lucas</u>, 682 F.3d at 1353 (citing <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1306 (11th Cir. 1999) (per curiam)).  The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Ala.</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

Petitioner did not fairly and/or properly present this federal constitutional claim to the state courts.  Any further attempts to seek post conviction relief in the state courts on this ground will be unavailing.  <u>See</u> Response at 16-18.  As such, he has procedurally defaulted this claim.

Although Petitioner attempts to blame the state courts for his failure to properly exhaust this ground, the circuit court specifically advised Petitioner that he had the right to appeal the denial of his post conviction motion.  Ex. G.  Instead of heeding the circuit court's notice that Petitioner "shall have thirty (30) days from the date this Order is filed to take an appeal, by filing Notice of Appeal with the Clerk of the Court[,]" Petitioner filed a petition for writ of mandamus, the denial of which he did appeal.  Ex. J; Ex. K; Ex. L; Ex. M; Ex. N; Ex. O; Ex. P.  The appeal of a denial of petition for writ of mandamus does not constitute

exhaustion of the denial of a post conviction motion.   Indeed, exhaustion requires that an appeal be taken from the denial of a post conviction motion.  Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (per curiam).

Therefore, Petitioner must demonstrate cause and prejudice. First, Petitioner must demonstrate cause for his default.  This cause has to result from an objective factor external to the defense, and that factor had to prevent Petitioner from raising his constitutional claim which cannot be fairly attributable to his own conduct.  Johnson v. Ala., 256 F.3d at 1171; Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999).  In order for Petitioner to establish prejudice, he must show that the alleged errors actually and substantially disadvantaged his defense resulting in a denial of fundamental fairness.  Johnson v. Ala., 256 F.3d at 1171 (citation omitted).

Upon consideration, the Court finds that Petitioner has not shown cause and prejudice.  His failure to comply with the circuit court's directive to file his notice of appeal of the denial of his post conviction motion is fairly attributable to his own conduct. Also, he has failed to show prejudice.  Petitioner accepted the plea bargain, and as noted by the trial court, he "acknowledged his reasoning for entering the plea, understood the consequences of his plea and he was satisfied with his attorney." Ex. G at 2.  He was facing a maximum sentence of thirty years as an habitual offender in prison, and although the defense was prepared to go to trial,

Petitioner decided to make an open plea to the court. Finally, Petitioner has failed to show that failure to address this claim on its merits would result in a fundamental miscarriage of justice. This is not an extraordinary case as Petitioner has not made a showing of actual innocence.

In conclusion, the Court finds that ground one is unexhausted and procedurally defaulted. Also of import, the fundamental miscarriage of justice exception is inapplicable to the case at bar. As a result, Petitioner is barred from pursuing ground one in federal court.

Alternatively, Respondents assert that the claim raised in ground one is without merit because "the denial of the motion was nevertheless correct." Response at 18. In considering this ground, the Court's scope of review is quite restricted because of the finality of the plea proceeding:

> The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. See Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Following the entering of a guilty plea on the advice of counsel, the scope of a federal habeas corpus inquiry is limited to whether the plea was voluntarily and intelligently made; an independent inquiry as to the existence as such of any antecedent constitutional infirmity is improper. Tollett, supra at 266. Only an attack on the voluntary and knowing nature of the plea can be sustained. United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927, (1989) ("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the

> inquiry is ordinarily confined to whether the
> underlying plea was both counseled and
> voluntary.)

<u>Middleton v. Sec'y, Dep't of Corr.</u>, No. 8:06-cv-217-T-17TBM, 2008 WL 450007, at *4 (M.D. Fla. Feb. 15, 2008) (footnote omitted).

It is axiomatic that, and

> [a]ccording to <u>Tollett v. Henderson</u>, 411 U.S.
> 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235
> (1973), a guilty plea waives a[ll]
> non-jurisdictional defects:

> > [A] a guilty plea represents a break
> > in the chain of events which has
> > preceded it in the criminal process.
> > When a criminal defendant has
> > solemnly admitted in open court that
> > he is in fact guilty of the offense
> > with which he is charged, he may not
> > thereafter raise independent claims
> > relating to the deprivation of
> > constitutional rights that occurred
> > prior to the entry of the guilty
> > plea.

<u>United States v. Winslow</u>, Nos. 8:05-cr-377-T-23EAJ, 8:07-cv-683-T-23EAJ, 2007 WL 2302277, at *2 (M.D. Fla. Aug. 8, 2007).

The trial court found Petitioner's claim refuted by the record of the plea proceeding. G. There is a strong presumption that Petitioner's solemn declarations in open court are true. Petitioner has not overcome this presumption. As noted by Respondents, "Petitioner's claims of an involuntary plea based on alleged misadvice were without merit based on his sworn statements to the contrary." Response at 19. The circuit court held just that, finding the record of the sworn plea dialogue clearly refutes Petitioner's allegations.

- 18 -

Petitioner relies on his pro se Motion to Withdraw Plea.  Ex. F.  Upon review, the motion contains a broad, general and conclusory allegation of the ineffectiveness of counsel, resulting in Petitioner's involuntary plea.  In Florida, "broad, general allegations of ineffectiveness of ... counsel do not indicate misadvice, coercion, or misrepresentation that would require a hearing[.]" Echeverria v. State, 33 So.3d 802, 804 (Fla. 1st DCA 2010) (citing Sheppard v. State, 17 So.3d 275 (Fla. 2009) (employing a harmless error analysis when allegations are conclusively refuted by the record)).

Assuming for the purposes of this opinion that the appeal, Ex. L, Ex. M, constituted an appeal of the denial of Motion to Withdraw Plea (construed to be a Rule 3.850 motion), it is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.  He has not accomplished that task.  As noted by Respondents, the denial of the motion was objectively reasonable and entitled to deference.  The state court's decision is not inconsistent with Supreme Court precedent.  The state court's adjudication of this claim, Ex. O, is not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts.  Thus, Petitioner is not entitled to habeas relief on ground one.

## B.  Ground Three

In ground three of the Amended Petition, Petitioner asserts that he received the ineffective assistance of counsel because his

- 19 -

counsel advised Petitioner to reject a seven-year plea offer, assuring Petitioner that he would receive a lesser sentence by entering an open plea to the court.    Amended Petition at 8. Petitioner claims that but for this ineffectiveness, he would have accepted the seven-year plea offer and "not made an open plea believing I could obtain drug treatment and probation and no more than 40 months in prison[.]"  Id.

Petitioner did not present this same claim of ineffectiveness in his Motion to Withdraw his Plea, construed as a Rule 3.850 motion by the circuit court.  Ex. F.  Even if he had, he did not appeal the denial of the motion.  Moreover, he did not present this claim of ineffective assistance of counsel in his Petition for Writ of Mandamus.  Ex. J.  The first time he made this contention was on appeal of the denial of the Petition for Writ of Mandamus.  Ex. M. Thus, he did not properly exhaust this ground.    An explanation follows.

Petitioner is required to fairly present his claim in each appropriate state court.  Baldwin v. Reese, 541 U.S. 27, 29 (2004). In order to give the state courts one full opportunity to resolve a constitutional issue, a prisoner is required to invoke one complete round of the state's established appellate review process. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Here, Petitioner did not raise the issue in his initial Rule 3.850 motion, and he only raised it on appeal of the denial of the mandamus petition, certainly not the appropriate avenue to raise a constitutional

challenge concerning the effectiveness of counsel. Although Petitioner raised this ground in his subsequent Rule 3.850 motions, Ex. T, Ex. U & Ex. V, the circuit court found these motions to be successive and procedurally barred. Ex. AA. The First DCA affirmed. Ex. FF. Thus, this claim of ineffective assistance of counsel is unexhausted and procedurally defaulted. See Response at 22-23.

Therefore, the Court will not reach the merits of the claim unless Petitioner shows cause and prejudice or a fundamental miscarriage of justice. Here, Petitioner has not shown cause for his default because his failure to present the claim in his first Rule 3.850 motion is fairly attributable to his own conduct. Wright v. Hopper, 169 F.3d at 706. His failure to appeal the denial of that motion is also fairly attributable to his own conduct. Also of import, he has not shown the required prejudice.

In a federal habeas proceeding, in order to overcome a procedural default without a showing of cause and prejudice, a petitioner must show a fundamental miscarriage of justice would occur if the underlying claim is not reached. A fundamental miscarriage of justice occurs "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Wright, 169 F.3d at 705 (quoting Schlup v. Delo, 513 U.S. 298, 321 (1995) (citation to internal quotation omitted)). Petitioner has not shown actual innocence. Johnson v. Ala., 256 F.3d at 1171. He has not shown that a fundamental miscarriage of

- 21 -

justice would result if the claim of ineffective assistance of counsel is not addressed on its merits.  Thus, this is not an extraordinary case allowing for the fundamental miscarriage of justice exception.  As such, the merits of ground three will not be reached by the Court.

Alternatively, this ground is due to be denied.  Assuming *arguendo* that Petitioner exhausted this ground by raising it on appeal of the denial of his petition for writ of mandamus, Ex. L & Ex. M, Petitioner is not entitled to habeas relief.[6]

Petitioner alleges that trial counsel assured him that in exchange for an open plea, Petitioner would be sentenced to drug treatment and probation and a sentence of no more than forty months.  The written plea form and the plea proceeding record belies this assertion.  The Plea of Guilty form includes the statement that Petitioner is pleading guilty in his best interest. Ex. C.  It also states that Petitioner can receive a minimum sentence of forty months, and a maximum sentence of fifteen years, unless he is found to be a habitual offender, and then the maximum sentence is thirty years.  Id.  No mention is made of a guarantee of drug treatment, probation, or an agreed sentence of no more than forty months in prison.

At the outset of the plea proceeding, defense counsel sets forth the sentencing range: "Mr. Williams understands that his

---

[6] Of note, the 1st DCA per curiam affirmed.  Ex. O; Ex. P.

minimum sentence would be 40 months up to 15 years, with the HO it could be up to 30 years." Ex. D at 3. The record also shows that the state previously filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender. Ex. B. At the plea proceeding, the state announced that it would be seeking the habitual offender classification. Ex. D at 3. Petitioner assured the court that he gave his counsel permission to enter the plea on his behalf. Id. at 4-5. The court again reiterated the range of sentence ("You understand that your sentence can be anything from 40 months to 30 years, if I determine that you are an habitual offender."). Id. at 5. Petitioner stated he understood and that no one had promised "any kind of particular sentence" that the court would impose. Id.

Upon review, the record belies Petitioner's assertion that counsel promised or advised him that he would get a sentence of no more than forty months and drug treatment and probation by making an open plea to the court. Even if counsel had intimated such, the record demonstrates that no confusion existed by the time of the plea proceeding. Petitioner signed the plea form, which clearly stated the sentencing range. Not only was he advised of the sentencing range in writing, he was repeatedly verbally advised of the sentencing range. The record demonstrates that Petitioner was well informed of the sentencing range. Furthermore, Petitioner assured the court that no promises were made as to the sentence he would receive.

To the extent the state court rejected this claim of ineffective assistance of trial counsel, it is entitled to deference.[7] Upon review of the circuit court's order, it set forth the applicable two-pronged Strickland standard as a preface to addressing the claim of ineffective assistance of counsel. Ex. G. The court provided the following explanation for denying Petitioner's claim of ineffective assistance of counsel for giving Petitioner misadvice:

> In his Motion, the Defendant has made a conclusory statement that he was provided ineffective counsel and that he was given "misadvice" yet he does not include any specifics or allege any other grounds. In order to prevail on a claim of ineffective assistance of counsel, the Defendant must show that: (1) counsel's performance was outside the wide range of reasonable professional assistance, and (2) counsel's deficient performance prejudiced the defense; that is, that there is a reasonable probability that the outcome of the proceeding would have been different absent counsel's deficient performance. Stickland v. Washington, 466 U.S. 668, 687 (1984); Cherry v. State, 659 So.2d 1069, 1072 (Fla. 1995). Further, the "standard is reasonably effective counsel, not perfect or error-free counsel." Coleman v. State, 718 So.2d 827, 829 (Fla. 4th DCA 1998). A claim of ineffective assistance of counsel will warrant an evidentiary hearing only where the Defendant alleges "specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant." Roberts v. State, 568 So.2d 1255, 1259 (Fla.

---

[7] The Court will assume for the limited purpose of reviewing this ground that Petitioner's appeal to the 1st DCA completed the exhaustion of his state court remedies with regard to this claim. Ex. O; Ex. P.

- 24 -

1990).  Moreover, "[t]o establish prejudice [a defendant] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Valle v. State, 778 So.2d 960, 965-66 (Fla. 2001) (citations omitted).  In the context of guilty pleas, the prejudice prong focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); See also Grosvenor v. State, 874 So.2d 1176, 1179 (Fla. 2004).

All the Defendant's allegations are refuted by the record of the plea dialogue which is attached. (Exhibit "B") During the plea dialogue the defendant acknowledged his reasoning for entering the plea, understood the consequences of his plea and he was satisfied with his attorney.  A defendant may not seek to go behind his sworn testimony at a plea hearing in a post conviction motion. Stano v. State, 520 So.2d 278 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991); Bir v. State, 493 So.2d 55 (Fla. 1st DCA 1986).

Therefore, this Court finds that the Defendant has failed to establish error on the part of counsel or prejudice to his case. Strickland, 466 U.S. 668.  The Defendant's only ground for relief is denied.

Ex. G at 1-2.  The 1st DCA affirmed.  Ex. O.

It is Petitioner's burden to show there was no reasonable basis for the state court to deny relief.  He has not accomplished that task.  Indeed, if there is any reasonable basis for the court

to deny relief, the denial must be given deference.   Here,
deference under AEDPA should be given to the state court's
adjudication.   Its decision is not inconsistent with Supreme Court
precedent, including <u>Strickland</u> and its progeny.   The state court's
adjudication of this claim is not contrary to or an unreasonable
application of <u>Strickland</u>, or based on an unreasonable
determination of the facts.   Ground three is due to be denied.   <u>See</u>
Response at 23-30.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition (Doc. 37) is **DENIED**, and this action
is **DISMISSED WITH PREJUDICE.**

2.   The **Clerk of the Court** shall enter judgment accordingly
and close this case.

3.   If Petitioner appeals the denial of his Amended Petition,
**the Court denies a certificate of appealability.**[8]   Because this
Court has determined that a certificate of appealability is not

---

[8] This Court should issue a certificate of appealability only
if a petitioner makes "a substantial showing of the denial of a
constitutional right."   28 U.S.C. § 2253(c)(2).   To make this
substantial showing, Petitioner "must demonstrate that reasonable
jurists would find the district court's assessment of the
constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542
U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484
(2000)), or that "the issues presented were 'adequate to deserve
encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S.
322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893
n.4 (1983)).   Upon due consideration, this Court will deny a
certificate of appealability.

warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 7/10
c:
Lonnie C. Williams
Counsel of Record

- 27 -